UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN L. CORRIGAN,

        Plaintiff,

    v.

MYRON KLINE, *et al.*

        Defendants.

CASE NO. C05-1728RSM

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants' Motion for Summary Judgment. (Dkt. #18). Defendants argue that plaintiff has failed to support his allegations that any constitutional violations have occurred, plaintiff has failed to support his state law claims, and, even if such claims were supported, defendants are protected by qualified immunity. Plaintiff, appearing *pro se*, responds by arguing that this Court should not have stayed discovery,[1] and that the stay of discovery has prejudiced his case. (Dkt. #23). For the reasons set forth below, the Court agrees with defendants and hereby GRANTS their motion for summary judgment.

## II. DISCUSSION.

**A. Background**

In this lawsuit, plaintiff claims that his federal civil rights were violated when defendant, a City

---

[1] This Court previously stayed discovery while defendants brought the instant motion for summary judgment based on qualified immunity. (*See* Dkt. #17).

ORDER
PAGE - 1

of Federal Way police officer, unlawfully detained him during a traffic stop, and added a citation for speeding to two other citations for failure to carry registration and loud exhaust pipes. Plaintiff also appears to make state law claims of false imprisonment, outrage, malicious prosecution and negligent infliction of emotional distress.

This action arises from a traffic stop and subsequent arrest of plaintiff Davis on the morning of October 12, 2004, in Federal Way, Washington. According to the Complaint, plaintiff was driving his Harley Davidson motorcycle east on 320th Street South, when he was stopped for speeding. Plaintiff asserts that he was initially cited for failure to have a registration and for loud exhaust pipes. He then alleges that the police officer did not like his responses to "additional mundane questions" and added a citation for speeding.

Defendants acknowledge that Officer Kline cited plaintiff for speeding, loud exhaust pipes, and failure to carry registration. Officer Kline did not place plaintiff under arrest and plaintiff left the scene after he was cited.

Plaintiff challenged his citations in Federal Way Municipal Court and was found guilty of all three charges. Plaintiff states that he is currently appealing that decision to the King County Superior Court.

Plaintiff now asserts federal and state law claims against the officer that issued the citations, Myron Kline, Chief of Police Anne Kirkpatrick, and the City of Federal Way.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the

burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### C. Failure to Respond to Summary Judgment Arguments

Plaintiff completely fails to respond to any of defendants' substantive arguments. He does not dispute the legal standards set forth in defendant's motion, nor does he dispute any of the factual allegations set forth by defendants. Instead, plaintiff argues that "qualified immunity and summary judgment are two very different legal concepts. Discovery rules are different relating to each." (Dkt. #23 at 2). Plaintiff then asks this Court to stay this motion while he conducts discovery and/or seeks an interlocutory appeal relating to discovery.

Plaintiff misunderstands the nature of the instant motion. Defendants have sought summary judgment on several grounds, including their entitlement to qualified immunity. This is the exact motion that defendants proposed when this Court previously stayed discovery. (*See* Dkts. #11 and #17). Thus, the instant motion is not improper as plaintiff asserts.

Moreover, plaintiff's response appears to be an attempt to move this Court to reconsider its previous Order staying discovery. (*See* Dkts. #17 and #23). Notwithstanding the fact that plaintiff did not oppose a motion staying all discovery except that which was currently pending, plaintiff's attempt to move for reconsideration at this point is untimely. This Court's Local Rules require that a party move for reconsideration within ten judicial days of the date of the Order to which it relates. Local Rule CR 7(h)(2). The Order staying discovery was issued on May 16, 2006. (Dkt. #17). Plaintiff's response to the instant motion for summary judgment was filed June 2, 2006 – twelve judicial days after the Court's Order staying discovery. (Dkt. #23). Accordingly, the Court will not reconsider its previous Order.

Accordingly, this Court must also grant summary judgment in defendants' favor. This Court's Local Rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Having reviewed the record in this case, the Court finds no reason not to apply this rule. As noted above, plaintiff has failed to respond to the merits of defendants' arguments, and does not dispute the factual allegations asserted by defendants. Therefore, summary judgment is appropriate.

### III. CONCLUSION

Having reviewed defendants' motion for summary judgment (Dkt. #18), plaintiff's opposition (Dkt. #23), defendants' reply (Dkt. #24), the declaration in support of defendants' briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' motion for summary judgment (Dkt. #18) is GRANTED, and this case is DISMISSED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _18_ day of July 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE